LILLIAN CLAWANS, APPELLANT, v. WILLIAM J. O'CONNOR, HOWARD BIRCH AND HENRY F. BURNS, RESPONDENTS.

Submitted May 25, 1928—Decided October 15, 1928.

For the appellant, *Benjamin M. Weinberg.*

For the respondents, *Jerome T. Congleton, Charles M. Myers* and *Frederick H. Groel.*

The opinion of the court was delivered by

TRENCHARD, J.   This suit was brought by a woman, an attorney-at-law, against three police officers of the city of Newark.   The complaint charged the defendant O'Connor with making certain slanderous remarks concerning the plaintiff, and also charged the defendant O'Connor and the two other defendants, Birch and Burns, with an assault and battery upon her.

The jury found in favor of all the defendants and the plaintiff appeals from the consequent judgment.

The grounds of appeal relate only to the admission and rejection of evidence, but a brief statement of the contention of the parties, as supported by evidence at the trial, may be helpful.

The plaintiff was riding in Newark with her sister in an automobile driven by one Ellis. The car was stopped at a street intersection by the defendant O'Connor, who was a traffic officer at that point. The automobile was being driven without a rear license plate. O'Connor proceeded to question the driver, and the plaintiff intervened in the conversation. Thereupon, plaintiff says, and O'Connor denies, some slanderous words were uttered by him, the defendant O'Connor further testifying, and the plaintiff denying, that the plaintiff used very abusive language to him.

The upshot of the matter was that O'Connor directed the driver to take the car to the police station. The plaintiff says, and O'Connor denies, that other slanderous remarks were made there by O'Connor. According to the great weight of the evidence plaintiff was very abusive on that occasion. She was then ordered taken to police headquarters in the patrol wagon, and it was in that connection, plaintiff said, and all of the defendants denied, that such violence was used by the three defendants as to amount to assault and battery.

The first point is that the judgment should be reversed because certain questions put by plaintiff to the witness Ruppel were excluded by the court.

The circumstances were these: Plaintiff called the witness Ruppel, and, apparently, was unable to elicit from him the testimony which she desired. She then further examined as follows: Q. "You recall having made an affidavit in this case, don't you, on the 18th day of February, 1925?" A. "I might have, but I don't remember what was in it." Q. "You do not?" A. "No, sir."

The witness was not further pressed upon this topic, but was turned over to the defendants for cross-examination, in the course of which no reference whatsover was made to the affidavit or the subject-matter thereof.

The witness was then re-examined by the plaintiff, in the course of which he was asked this question: "Look at the affi-

davit, read it yourself, and tell the court and jury whether that refreshes your recollection as to what occurred in and around the second precinct station on the night of March 3d, 1924?"

The question was excluded on the ground that it was not redirect examination, and we think rightly.

The proper function for redirect examination is to explain, rebut or avoid the effect of new matter brought out on cross-examination. *State* v. *McCormack,* 93 *N. J. L.* 287; *affirmed,* 94 *Id.* 262. Since the question put was not within the scope of redirect examination its exclusion was not erroneous.

Another reason justifies its exclusion and it is this: The plaintiff's avowed purpose in asking the question was to "oblige" the court "to strike all his [the witness'] testimony from the record," and not merely to neutralize his testimony, as was indicated in *State* v. *D'Adame,* 84 *N. J. L.* 386, may be done in a proper case. Since the question, however answered, could not have had the effect proposed, its exclusion will not lead to a reversal.

The witness was also asked this question on such redirect examination: "Were the facts stated in that paper true at that time?"

That question was excluded, but no objection or exception was taken to the ruling. Such ruling, therefore, will not be reviewed, because the general rule is that no ruling relating to the reception or rejection of evidence will be reviewed unless the record discloses than an objection to such ruling was duly made, or such ruling otherwise challenged at the time of the ruling. *Kargman* v. *Carlo,* 85 *N. J. L.* 632.

The next point is that the trial judge erred in permitting cross-examination of the plaintiff's witness Ellis (plaintiff's driver), as follows:

*Q.* "What was the conduct of Miss Clawans at the time the officer stopped you and complained about you not having your rear license?" *A.* "She got up in the air over it." *Q.* "Isn't it a fact, Fred, that after Officer O'Connor had stopped you for driving the automobile without a rear plate, and Miss Clawans had 'gone up in the air,' didn't she also say to O'Con-

nor, 'You ought to be down in Trenton with the rest of the warehouse robbers?'" *A.* "Yes, sir."

This examination was objected to on the ground that it was immaterial.

We think it was material, and was competent cross-examination. In an action for slander the general rule is that defamatory statements concerning the defendant made by the plaintiff immediately before the defendant's alleged slanderous remarks, may be shown and considered by the jury in mitigation of damages. *LaPorta* v. *Leonard,* 88 *N. J. L.* 663; 37 *C. J.* 123.

The next and last point is that the court permitted the defendants to examine a police officer called by them as to what was said by the plaintiff at the station house at the time of the alleged assault, as follows:

*Q.* "Tell the court and jury, and the jury will decide whether it is insulting or not?" *A.* "She [plaintiff] accused them of being drunk and wanted a physician to have them examined. She made the request and some remark about thieves and burglars, and some of them ought to be in state's prison." *Q.* "What did she say concerning the conduct of the men present?" *A.* "She said they were all drunk."

This examination was objected to as irrelevant, incompetent and immaterial. We think it was not. It seems to be entirely competent, in view of the count for slander, for the reasons we have stated. It was also competent in view of the count for assault and battery, for the rule is that upon a charge of assault and battery, what was said by the parties to the assault at the time of the assault, or immediately prior thereto, is a part of the *res gestœ* and admissible in evidence. *State* v. *McCormack,* 93 *N. J. L.* 287; *affirmed,* 94 *Id.* 262.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.